UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN M. HARMON,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF GLENDALE, et al.,<br><br>  Defendants. | NO. CV 15-137-JLS (AGR)<br><br>ORDER TO SHOW CAUSE |

On January 8, 2015, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ("Complaint") For the reasons discussed below, it appears Plaintiff has failed to state a claim.

The court therefore orders Plaintiff to show cause by **February 23, 2015** why this court should not recommend dismissal of this action with prejudice based on failure to state a claim. *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) ("A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim . . ..").

**I.**

**ALLEGATIONS IN COMPLAINT**

The only named defendant in the caption is the City of Glendale ("City"). (Complaint at 1.)

On September 12, 2013, the City's custodian of records advised Plaintiff that it was unable to provide Plaintiff with information related to his 2004 arrest because the records had been destroyed pursuant to policy. (*Id.* at 5 (Claim I), Ex. A.)

Plaintiff refers to a civil rights complaint he filed in this court in 2007: *Harmon v. Glendale*, Case No. CV 07-398-JLS-AGR ("*Harmon I*"). (Complaint at 5a.) In *Harmon I*, Plaintiff alleged a claim of malicious prosecution in connection with a criminal trial for a 2004 burglary and possession of stolen property. On March 29, 2005, a jury acquitted Plaintiff. *Harmon I*, Dkt. No. 145 at 3-4.) On June 10, 2008, the district court adopted this court's Report and Recommendation and entered judgment for defendants. *Id.*, Dkt. No. 149. On August 26, 2010, the Ninth Circuit affirmed. *Id.*, Dkt. No. 160.

On January 26, 2011, the district court denied Plaintiff's Rule 60(b) motion. *Id.*, Dkt. No. 173. On April 7, 2011, the district court denied Plaintiff's motion for reconsideration. *Id.*, Dkt. No. 180. On June 15, 2011, the district court denied Plaintiff's Rule 60(d) motion. *Id.*, Dkt. No. 184. On December 7, 2011, the Ninth Circuit found Plaintiff's appeal to be frivolous. *Id.*, Dkt. No. 195.) On December 18, 2012, the Ninth Circuit denied Plaintiff's petition for a writ of mandamus. *Id.*, Dkt. No. 204. On May 28, 2013, the Ninth Circuit denied another petition for writ of mandamus. *Id.*, Dkt. No. 210. On September 25, 2013, Plaintiff filed a motion pursuant to Rule 60(d)(b)(3) in which he makes the same claims as he does in the instant complaint.[1] *Id.*, Dkt. No. 215. On October 11, 2013, the district court

---

[1] The instant complaint is yet another attempt to relitigate his 2007 case.

2

denied Plaintiff's motion. *Id.*, Dkt. No. 216.

Plaintiff alleges that the City's destruction of the documents is "illegal." (Complaint at 5a.)

Plaintiff alleges that his First Amendment right to redress was violated by the "illegal destruction of exculpatory and/or relevant evidence." (*Id.* at 5 (Claim I).) Plaintiff also alleges his Due Process rights were violated. (*Id.* at 5 (Claim II).)

Plaintiff seeks damages and an injunction "as to the continuing violation of Plaintiff's constitutional rights." (*Id.* at 6.)

## II.
## DISCUSSION

### A.  Legal Standard

A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (citations omitted).

In reviewing a complaint, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

1  Threadbare recitals of the elements of a cause of action, supported by mere
2  conclusory statements, do not suffice." *Id.*; *Bell Atlantic Corp. v. Twombly*, 550
3  U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("labels and
4  conclusions" or "formulaic recitation of the elements of a cause of action" are
5  insufficient).  A "naked assertion" without factual enhancement is insufficient.  *Id.*
6  at 557.  "[W]here the well-pleaded facts do not permit the court to infer more than
7  the mere possibility of misconduct," the complaint is subject to dismissal.  *Iqbal*,
8  129 S. Ct. at 1950.

### B. Analysis

Calif. Gov't Code § 34090 provides in relevant part:

> Unless otherwise provided by law, with the approval of the legislative body by resolution and the written consent of the city attorney the head of a city department may destroy any city record, document, instrument, book or paper, under his charge, without making a copy thereof, after the same is no longer required.

On March 5, 2013, the City adopted Resolution No. 13-33 in which the Chief of Police determined that various records were "no longer required," including "[c]rime and arrest reports dated prior to January 1, 2006."  (Complaint, Ex. A.)

Plaintiff's argument that the City's destruction of his 2004 arrest report was illegal is contradicted by state law.[2]  The court cannot identify any First Amendment or Due Process claim based on a city's destruction of old records pursuant to valid city policy.

### III.
### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that by **February 23, 2015** Plaintiff shall

---

[2] The year 2005 in Glendale's letter is a typographical error.  (Complaint, Ex. A.)

4

show cause why this court should not recommend dismissal with prejudice based on failure to state a claim.

**If Plaintiff fails to respond to this order to show cause by February 23, 2015, the court will recommend that the complaint be dismissed with prejudice based on failure to state a claim.**

DATED: January 23, 2015

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

5